Case number 25-3035, United States of America Appellant v. David Jeremy Zobel. Mr. Coleman, for Nick Coleman. Mr. Singer, for the appellee. Good morning, Mr. Coleman. You may proceed whenever you're ready. Good morning. Thank you, Your Honor. May it please the Court, Nick Coleman for the United States. Before I forget, I'd like to reserve two minutes for rebuttal, please. Before addressing the merits in this case, I think it's important to address the timeliness issue. Obviously, that's a threshold issue. This appeal is timely as to all categories of evidence which the District Court excluded in this case. But I think it's helpful, as we explained in our brief, to sort of look at each category separately because I think that helps make this issue easier. We call them buckets. If there's any other way that you can refer to them. The first such bucket, I think, actually as to the first two buckets, I think the timeliness issue is pretty easy. The statements that Mr. Zobel made during the chats here and the photographs that he sent, in which he referred to his prior offense, the District Court did not even hint that it was going to exclude those until February 25th of 2025. The government filed its notice of appeal on March 18th of 2025, so that was well within the 30 days. That is also true as to the second bucket of evidence that was testimony by an FBI case agent and by Mr. Zobel's probation officer, in which the District Court indicated, again, beginning in February 25th and at the next two hearings, that the evidence would have to be heavily sanitized so that essentially no reference at all to Mr. Zobel's prior conviction or the fact that he was on probation could be stated. Again, those rulings did not come until well within the 30 days of the government's notice of appeal. So that brings us, I think, to the final bucket here, which is the plea proffer details or the summary of them which the government sought to introduce. Now, the defense is certainly correct that the government initially moved to introduce those back in 2023, and the District Court excluded them in its initial ruling in September of 2023. However, at that time, the District Court indicated that it would revisit that issue if identity came to be challenged by the defense. Mr. Truman, if the Chaps and Mr. Zobel or Zobel? I think it's Zobel is my understanding. Mr. Zobel's own description of his prior criminal conduct and assertion that he had been convicted. If all that comes in, why is the plea proffer summary even needed? Well, I guess I'd step back and say this. If all you have are the chats in which a person is saying to the undercover officer from page one, I'm a middle-aged sex offender, and then he describes that he had been convicted, he'd done 10 years, here are the things that I did to these girls before, one girl and then her friend. If all you had was that, and then you have a photograph which he sends, but he covers up his name and part of the case number to the undercover officer, if you just had that, you wouldn't know that that is Mr. Zobel. You'd need to know if you wanted to show that it in fact was Mr. Zobel, you'd have to establish how did the FBI get to him. In fact, the way that they did get to him was pulling up because they could see the ECF number, they could see the partial case number of the court it was entered into. They were eventually able to figure out what the judgment was that Mr. Zobel had sent, and there's his name, so that's why. That seems to support the premise of my question, which is if you had the chats, and you had testimony by the FBI officer, yeah, the name was covered, but we were able to use the court, the date, the case number, and find this individual, find the defendant, then, again, I'm trying to understand what more in that summary is probative, in part because Judge Leon was, you know, that was the first thing that he saw and that he reacted to as a duly prejudicial. So I think the problem is, again, that even if you get in, say, that law enforcement testimony, like, yes, he was convicted of this offense, which I think was enticement of a minor, that still wouldn't put in the, in other words, how closely his conduct in that case, the 2011 case, matched what he told the undercover officer about what he'd done. So, again, that shows, you know, Mr. Zobel is sharing with the undercover officer not just the fact that he's been convicted, but also what he did, and it matches up very closely to what he told the undercover officer. So, again, it is evidence of two, really three things. It is evidence of his identity because it shows that, you know, he is, it's not just that, you know, this is a person who's pulled up Mr. Zobel's conviction and is sending a copy of that judgment to the undercover officer. This is somebody who knows what he did in the case, first, as to that. Second, it shows his intent to commit this offense, which is the attempted sexual exploitation of a minor, because he's taking this incredible risk and sharing his status as a sex offender with the undercover officer to gain his trust. That I follow. That's part of the offense conduct. I guess what, so the premise of your answer just now was that Zobel himself might have been puffing. He might have been convicted of some other kind of less lurid and, you know, prejudicial, whether appropriately or not, conduct. And so it needs to be verified by the summary of the plea. I mean, he's saying what he did to the undercover. The person on the chat is saying. Right. I mean, it is possible that the jury can think, was he puffing? Okay. In other words, did he actually? Your point? So, again, that's part of it. But I think it's also, in addition, if he's going to challenge identity, if he's going to say somebody else was essentially impersonating me, the more details that the person who is engaging in the chat is sharing about what the real Mr. Zobel actually did, the less likely it is that this is somebody who is impersonating Mr. Zobel. And the more those details match the actual facts of the offense, the more compelling that inference. Yes, that is absolutely correct, Your Honor. I think it also goes, again, under Rule 414, it also goes to show his sexual interest in young children. Remember that particular offense, just the actual, you know, page that shows the thing that he was convicted of. It does show that, you know, it shows that he engaged in enticement of a minor, but it doesn't establish his sexual interest in young girls, which, you know, yes, he expresses all of that during the chats. But this is what shows that it's not just a fantasy. I mean, that is one of the primary defenses. It was the defense in lieu. It has been the defense in many cases in which a, you know, a defendant who is engaging in these chats online or communications with an undercover officer. This evidence, he's indicted on three counts, right? Two distribution of child pornography counts as well. Yes. Are you contending that any of this evidence is admissible for those counts? Yes, it would be under Rule 414. Now, again, it would show his sexual interest in young girls. The fact is that among the details that, you know, the particular details which the government did seek to introduce from the prior offense was the fact that he'd uploaded, I think it was 61 sexually explicit, you know, images of child pornography. So, yes, it does show what Rule 414 permits. It does also show that, you know, that his distribution, you know, he intended to distribute child pornography. He was aware of the images that he was sharing with the undercover officer. So, yes, we do think it is relevant to those two counts as well. But it is especially relevant, yes, to the ASEM count in which there has to be, you know, it does have to be shown that he intended to get the undercover officer to create these new or basically to perform child abuse where Mr. Zobel could actually watch it. The intent point seemed to me particularly important on Count 3. Yes. But the identity question went to all three counts. Oh, absolutely, right. I mean, if he were going to say, sure, someone did all these, sent all these criminal messages to the undercover, it just wasn't me. Yes. And I think, you know, again, I think as to all of this evidence, you know, if we're now addressing the merits question, I think, you know, again, one of the problems, I think, with the district court's ruling is that you can almost see in the final rulings from the district court beginning in February, the court, I think, sort of sensed that it didn't really make much sense to exclude the plea proffer details once all of this chat evidence is coming in. And that's why the district court turns around and says, well, actually, you know, you can't even admit those chat statements either, government, because that will interfere with my Rule 404B ruling. So I think the court itself sort of sensed that once those chats are admitted and once it's understood that they're properly admissible, you know, the cat's out of the bag at that point. And particularly given that Mr. Zobel, you know, although he has been very cagey, I think, you know, in all of those hearings starting in February about exactly how he was going to be challenging identity, it's clear he's going to be. He is not going to stipulate anything. He's not going to stipulate that it was him at all engaging in those chats. And because of that, yes, Ron. You said that it doesn't make much sense. You suspect that the district court kind of realized it didn't make much sense to preclude the summary if the chats were included. But another way of looking at that is that he intended from the beginning to preclude the references in the chats. And I know the government seemed surprised by early 2025 that that's how he was reading it. But it's possible that he's saying I'm precluding as a duly prejudicial any reference to the prior offense. And if that's right, then you may have a time. So all I can say is this. There is no hint in May of 2023 of the hearing on that motion or in September 2023. There is no hint there that the district court is saying that those chat statements are not going to come in. The government didn't hide them at all. If you look at its motion in Lee-Manet, it said here's all these chats and we are seeking to introduce these plea proper details because they corroborate them. We think it goes to both his identity and his intent. The trial, you know, the district court here said I'm denying that motion. He said that he would reconsider if identity became an issue. But at no point, and I have looked and looked and looked, but he had never said that he was going to exclude those chat statements. Let me just to focus in on the claim of legal error. So your claim is that the district court legally erred by treating a propensity inference as unfair given 414 for the purposes of the Rule 403 balancing. So that's sort of the core error. I mean, propensity 414 says propensity is okay in this type of crime. And, yes, there's a balancing. But what the district court said was it sounded sort of like non-414 balancing under 403. I think that's right. I mean, I do have to say that in all fairness to the district court, if you look at how the district court approached this back in September of 2023, there is some language there, I think, from the district court that doesn't quite take into account the purposes of 414, which is the fact that this kind of propensity evidence is now admissible. But the district court is also, I think, expressing a more, you know, a concern that perhaps can come into play, which is that at time it could be that the details of a prior offense are so intense that a jury could feel that, you know, would want to punish the defendant for that prior offense, would just be so offended by it. That's exactly what the district court said. Right, and that's why I think it's there. The district court never said that I see. I mean, tell me where in the transcript the district court says that this is improper propensity evidence. Where does the district court say? So I do think that the court does refer to that, but I 100% agree with you, Your Honor, that the other concern is something that the district court stated. The district court says that this creates a great risk that the defendant will be judged based on his prior acts rather than the facts of the present case. Yes. Bottom line, right? I think that's a proper statement of how one is supposed to do the Rule 403 balancing, isn't it? And I think I would agree with you, Your Honor, that under Rule 414, that is still a permissible consideration for a district court. I think the problem becomes that once, you know, at that time, and again, we are not here today. There would be a timeliness issue if we were appealing directly that ruling, okay? We didn't appeal that ruling at the time. The problem, I think, now is that at that time as well, though, the district court indicated that part of why it was ruling that way was because in that very same transcript, the court says, I have no reason to believe that Mr. Zobel will be contesting his identity. That changes. And it changes the calculus. And yet the district court does not engage in a new balancing. That is the error that you – tell me the legal error that you believe the district court committed. It's that that the district court, once the new facts emerge, that identity would be an issue that the district court didn't conduct a new balancing. Or rather that I think that once it did, the court essentially said, I'm just going to exclude this, all of it, no matter what. And, you know, whether that's – you know, again, I don't think it actually engages in any sort of new balancing test. As to the plea proffer details. Okay. Again, this is only about this particular bucket, because that's the only thing that the district court ever really engaged in a Rule 4.3 balancing, back in September 2023. By the time we get to February and March of 2025, things have definitely changed. And the fact that Mr. Zobel is going to be so – essentially will not concede anything and is going to say that – you know, essentially tell the jury, they can't prove it was me. That's going to be the central defense. Then, yes, I think as the district court had promised back in 2023, it was incumbent on the court to reevaluate that. And in fact – Where does the district court – is there a point in the transcript that you can point me to where the district court says that he's not going to allow any of the chats to be introduced? Or where is the best articulation of the district court's ruling with respect to the chats? Yes. So the – I think if you look at – on the March 17th transcript, okay, first of all, at the very beginning, this is on A403-404, Judge Leon informs the government that he's got additional redactions now that he's going to insist on with the chat transcripts. The – and Judge Leon then on A414 says, I have been crystal clear that no reference to his prior conviction, no reference to his being on probation, is to be made. And that was right after the government had asked Judge Leon to clarify if his ruling was that all references in the chats to Mr. Zobel's being a sex offender, having a prior conviction, or being on probation must be redacted. So I don't – I think it was pretty clear what Judge Leon was saying there, which was that he did not think that any reference in the chats – I mean, that was why I think it was so difficult for Judge Leon to agree to even introduce the chat transcript to the jury as an exhibit, because it was going to have these big redactions on 15 pages. That's 55. So I'm old enough to remember when people used to talk about race, race just die, as part of the rules of evidence. And isn't the chats, I mean, intrinsic evidence as opposed to other crimes evidence? I mean, if I walk into a bank and hand the teller a note that says, you know, give me all the money or I'll kill you, and then the teller refuses, and then I say, you know, I've killed 10 people in the course of my life, and, you know, I'll make you number 11 if you don't give me the money. Is that other crimes evidence, or is that just intrinsic evidence that's part of the crime? Oh, it's certainly intrinsic evidence. And I think I absolutely agree with you that the chat transcripts here are the offense conduct. I mean, they're, you know, all of this conduct occurred online. It's like if you watch the video of the crime. And, yes, I absolutely agree with you. That's why I'm wondering why you're not arguing that, like, analyzing the chats as other crimes evidence at all was error. So, again, I'm not sure that the district court really, I mean, I think the district court basically said he thought that he could remove all of those references and say, well, those were just extraneous to the crime. I think that was how the district court approached it. I mean, again, it's not very clear because he doesn't issue sort of a written or, you know, prewritten ruling. He just seems to say it and just seems to think that it was somehow, you know, a part or essentially required by his earlier ruling from a year and a half before. I can say this, that, yes, there is a way to look at this as sort of, you know, it is absolutely intrinsic to the crime. It was, in fact, part of the commission of the crime. And just like the bank robber wants to say I've killed ten people so that the person he's talking to will believe that he will do it, here Mr. Zobel wanted the undercover officer to really be sure that he was a safe person to do all this conduct with. So, yes, I think Rule 414 sort of makes that intrinsic-extrinsic, you know, distinction not quite as significant now in the case of sex offenses. But I guess, I mean, I agree with Judge Wilkins' question in the sense that, and partly it's because the district court was looking at it all as extrinsic evidence of prior crimes. But once you, it just seems to me that for you, especially given the ambiguity that your prior colloquy with Judge Wilkins covered, where on the one hand it seems to me the district court, you know, sounds like he's putting aside the propriety of propensity, potential propriety of propensity evidence under 414, but then also talks about, you know, this is more vivid and more, potentially more troublingly and gratuitously prejudicial, like given the problems of the prior crime ruling as maybe it's error, maybe it's not, that it's so important to your case, and you do brief this, but it feels like it's being downplayed. I guess all I'm trying to understand is is it and why, what is the vulnerability for you? Because, you know, both for identification, but also for motive and intent to actually go through with it. You know, as you know, these cases, you know, one of the defenses is it was really fantasy. We were talking as if we were going to meet, but that's part of the heightened fantasy. You know, really, that's not what this was about. And that the prior crimes, as he says, is relevant to my bona fide. So, look, we think the chats come in, okay, all of them. They come in fully. There's no question whether one wants to think of this, and I think it absolutely the most direct way home. I would 100% agree that they are just part of how he committed the crime. In fact, they're a vital part of how he committed the crime because this, you know, he was trying to use, he was deploying his status to gain the undercover's trust. So I don't, regardless of what way you want to think about this, is it really intrinsic to the offense, and therefore we don't even need to think about 403. But, again, 403 sort of says that you have to look at every bit of evidence. It's just that here I think it's somewhat silly to say is its probative value outweighed by its danger of unfair prejudice. The answer has to be absolutely no because it is the crime. Now, once you take that as a given, once those chats are coming in and he's bragging to the undercover officer about his bona fides as a sex offender and what he's done in the past to gain his trust, and he's now going to, at trial, going to challenge identity, there are a lot of different now reasons why it is important to prove that what he was talking about was real. First of all, because it does show his identity. Second, because, again, he's exposing himself. He is really exposing himself to some problems. He's on probation, as he tells this undercover officer. This is how he, you know, he pinky swears during the chats that he is not a cop. And this is how he's showing that. And the way that he's showing that is to say, I am a sex offender. I'm safe. I'm on probation. That kind of exposure shows how serious he was about committing this offense. He wanted these new images. So let's suppose we agree with all of that. Usually you're on the other side of the table, and it's the defense who's saying, you know, there was an error in an evidentiary ruling, and the government is relying on the deference and all of that to say that, you know, we don't armchair quarterback second-guess district courts on these things. So let's suppose I agree with everything he said. Given the standard of review, why should we reverse? It says grave. We have cases that say grave abuse of discretion, not just regular abuse of discretion. Grave abuse of discretion. So I guess what I would say is there is obviously there has to be a fair amount of discretion given to district courts. Nevertheless, I think it's also important to remember that Rule 403 is weighted towards the admission of evidence. So it should, in fact, be significantly harder to justify the exclusion of evidence, of relevant probative evidence, under Rule 403 than it is to admit it. I think, you know, this court said that in lieu. You know, Rule 403 establishes a high barrier to justify the exclusion of relevant evidence, and that's why the probative value has to be substantially outweighed by unfair prejudice. I think, you know, again, you know, the Tenth Circuit has said that, you know, exclusion should be an extraordinary remedy, which is used sparingly. And I think one of the best ways to put it is one of the cases we decided in our brief, Rodriguez from the Eleventh Circuit says, in looking at 403 cases, you should look at the evidence in the light most favorable to its admission. I think that is why here, you know, again, this is not something that normally, yes, we're on the other side, and that's because we have the burden of proof, and so we're trying to admit evidence, and the district court will usually, under Rule 403, because it's weighted heavily in favor of admission, it will admit the evidence. There will be a challenge to that, and, you know, normally the trial court is not going to have abused its discretion. I think, you know, again, it's also going to be true for the defense. If they're trying to admit evidence, say in this case, Mr. Zobel wants to introduce evidence about other people in his residence, he's going to have a fair amount of leeway to put that evidence in. He just is, and, you know, because again, he's got to try to make whatever defense out he wants to make. But I think it's important to remember that although a district court has discretion, that discretion isn't a license to be arbitrary. It's not a license to sort of say, well, in this case, I'm going to keep it out, but, you know, I'm not going to necessarily clearly articulate the reasons for it, and I'm not even going to reconsider when one of the bases for my ruling, namely that I did not have any reason to believe that Mr. Zobel would contest his identity. District court did reconsider and said that I still think that with the limiting instruction that the prejudice is going to far outweigh the probative value, right? I'm not sure that he said that after he was asked to reconsider. I may be missing something right now, but I don't recall him sort of engaging in a lengthy discussion about the limiting instruction. He did talk about the limiting instruction in September 2023. I may be wrong about that. I don't remember any extensive discussion about a limiting instruction after February. I could be wrong about that right at this moment. I don't remember him going, however, into a sort of lengthy reconsideration. He did, I mean, talk about all the other ways that he thought that the government could show identity. We've described in our brief why we don't think that those are nearly as strong as the plea property details in showing that this was Mr. Zobel. They are all important, and we intend to introduce them, but I think, again, it's also, you know, as the Supreme Court said in Old Chief, and I think as this case, as this court said in cases like Bartman and Liu, you know, the government shouldn't have to so sanitize its evidence that it doesn't show what really happened and, you know, sort of what was really going on in this case. Do you think the district court committed discrete legal errors embedded in its analysis, or do you think mainly that the court just abused its discretion in conducting the balance? I think, I do think that, you know, it's, I do think that even in September 2023 that the district court may have been overly focused on the propensity evidence. Impermissibility of a propensity inference. If you look at the district court's, you know, hearing that it held in May of 2023, the district judge referred to his time, I think, in the Southern District. He said that his approach to other crimes evidence comes from his experiences in AUSA. So if we agree with that and conclude that there's a legal error embedded in the analysis, why would we reverse outright and order admission of the evidence rather than just laying bare the legal error and remanding for the district court to redo the balance under correct legal standards? We think this court, obviously this court could do that. We do think, you know, as we've explained in our brief, why we think the evidence is just flat out admissible and that we don't think that in this case, particularly given the defense that Mr. Zobel is proposing to put on, however he's going to do it, but given that he's going to contest his identity, it's hard to see how a proper Rule 4 of 3 balancing, particularly since it's weighted in favor of admission, could come out the other way. I agree with you writ large, but there still could be a fair amount of discretion to just sanitize one or two ticks more. You look at the summary of the past offense and you all took out some of the salacious details the first time. You took out a few more details the second time. Maybe he can take out one or two more without excluding it. And same questions of degree for the chats. So I think as to the chats, I don't think that that would be permissible. I'm not aware of it. Not even some? I don't think so, Your Honor. I have not found a case in which, I mean, again, I haven't been able to do an exhaustive summary of every federal case out there, but I have not found a case where a court excluded the boasts made by a defendant during the commission of the charged offense where the person is boasting about prior offenses in furtherance of the new offense. I don't see why that, I just don't see why that, you know, is something where, you know, and again, I think this goes back to the fact, this is part of the commission of the new offense. But to answer Judge Katz's question, can you give me any case from our circuit where we have compelled the introduction of evidence that was excluded before rather than remanding for the district court to correct whatever legal error, which was the basis of the abuse of discretion? I don't think I found one from this circuit. We have found a number from other circuits, which we have cited in our brief, where the circuits did conclude that the district court's exclusion of evidence was an abuse of discretion and that the evidence should have been admitted. I mean, Miller is one that we've cited. Rodriguez is one that we've cited. There are a number of circuits who have said that actually, look, this evidence comes in under Rule 403, and it was an abuse of discretion to exclude it. But I don't think that's really responsive to the point that, or the premise of Judge Katz's question, which is there's a lot of evidence here. There's potential overlaps. You know, it seems like it's hard to imagine that we would micromanage exactly what goes in and what stays out. At most, we might say there's a legal error with respect to the interplay of 414 and 403. And that he didn't, I mean, it strikes me that the district judge didn't really take on the government's argument about this being actually part of the criminal conduct. And one would want to have the district judge really confront and address that. But in the first instance, it's really for the district judge, no? So I'm not sure that in this case that it is necessary to go back for that particular discussion. I think there is a stronger argument that could be made that a remand might be appropriate for consideration of the plea proper details. I don't think that there is really much argument to be made at all that the chats, in other words, what Mr. Zobel said in order to gain the undercover officer's trust, can be excluded. Again, I have not found a case that has said that that is properly excluded. So I'm not really sure why one would go back for that. I think- Did the government ever propose text of a limiting instruction in this case? I don't know that we got to that point, Your Honor. I'd have to go back and check because I don't have in the record right now, at least not that I've seen, sort of the proposed jury instructions, and I don't have it right in front of me. I don't know, but I think, again, I don't think it would be hard to come up with a limiting instruction. I mean, again, there have been numerous trials in other federal jurisdictions- I understand that, but, I mean, the government bears some responsibility when it is seeking to introduce evidence, especially evidence under 404, or 414 for that matter, of not just saying, okay, here's why we think that it's relevant, but to the extent that there is an argument that it could be unduly prejudicial, here's how we can mitigate that, and here's a proposed instruction. I mean, I see that happen all the time. And once the court said back in 2023 that it didn't see how any limiting instruction could cure the unfair prejudice, I mean, why wouldn't the government, when it comes back to this in 2025, say, okay, well, here's how we think a limiting instruction could deal with the prejudice, and here's some language. So I know that there are standard jury instructions that deal with this. I don't have them at my fingertips, but I don't think it's a secret in the district court that these are out there and that they've been used in numerous trials. I mean, obviously, there was one used in lieu there, so I don't think- Limiting instructions by their nature are very case-in-fact specific. And whether they're going to work or not depends on what the other counts are, how the evidence is going to be used, what other evidence there is. And so you can't just cookie-cutter, cut-and-paste limiting instructions, at least I didn't as a district judge, and I don't think that that's the way you do things. You can't really assess it until you see it. And so all I'm saying is that part of your criticism of the district court was, you know, it's ruling that the 403 balancing ruling was improper, but baked into that is a consideration of whether a limiting instruction can mitigate any unfair prejudice. And all I'm saying is that it's a little unfair to the district court to say that the district court got that balancing wrong when you never proposed a specific limiting instruction. So I don't think we ever got to that point, Your Honor. My point is that you get to that point when you file the motion in limine. You propose it when you say we're proposing that you introduce this evidence and here's how we propose to instruct the jury about how to use it. So I guess what I would say is certainly we could do that sort of as a matter of course in all of these cases. I don't think, I think part of it is that the introduction of prior sexual offenses, particularly under Rule 414, has, you know, become something that's not at all uncommon and for which there are standard jury instructions is my understanding. So, but again, if the district court had thought that, look, we really need to, you know, think about how we're going to do a limiting instruction, the district court could have said, propose something or let's see or I think we would have to modify, but there is no indication ever, even in September 2023, that the district court thought that its ruling was dependent on how strong the limiting instruction would be. But we don't even have that discussion at all and it's starting in February of 2025. I mean, the district court doesn't seem to have thought. But you have it from the perspective of the defense is the problem. Right. The defense says in February at A, I'm looking at A317 and A319, and I believe that's in February of 2025, that, you know, if this was going to come in, a limiting instruction at a minimum would be appropriate. And then the defense makes the argument that I think that the probative value was outweighed by the prejudicial effect even with the limiting instruction. So we've never, you know, we've never argued at all below that limiting instructions would be inappropriate, even as to the chat statements. But nevertheless, you know, again, I'm not sure what those look like in connection with the chat statements because, again, I haven't seen any court that has thought that under the rule 403 permitted it to exclude, you know, deployed in furtherance of the crime. But we could do that. We could do that. Here's one reason why I'm beating about the head and shoulders about this. The advisory committee notes, say, in two separate places that the trial courts should weigh the effect of limiting instructions as they are doing the 403 balancing. And so, you know, it's not in the rule, it's in advisory committee notes, which obviously don't bind us or district courts. But one could say then that, you know, in exercising their discretion, trial court should explicitly consider what a limiting instruction would say and then analyze why that would or wouldn't cure or sufficiently mitigate any unfair prejudice. And one could say, well, the district court didn't do that here, and so that's problematic. But it's a lot less problematic if the government never really asked the district court to do that by proposing a limiting instruction or explaining why a limiting instruction would cure any unfair prejudice. Do you see what I'm getting at? So, as I recall, Your Honor, I believe that our motions in Lemonade to admit the plea proper details indicated that we thought a limiting instruction would be sufficient to cure the prejudice. In fairness to the government, yes, you did say that. You didn't say what it would say or how it would do it. We could start, you know, including, you know, we could start including the standard instruction, and then if we thought it needed to be adjusted, we could propose adjustments. I don't think, you know, again, when that motion was filed, we were far in advance of trial. Normally the instructions, you know, the instructions come much closer to the trial date when proposed instructions are starting to be discussed. That just is my understanding of sort of how the trial practice normally works. It could be done, I suppose, earlier, and, you know, we could certainly start doing that in the future when we file these motions in Lemonade. I do think that at most this particular discussion, you know, goes only to the plea proper details. I'm not sure that any limiting instruction is needed at all when we're talking about the chat transcripts because, again, those are evidence of the crime and how it was committed, and I don't think that the jury has to do anything other than look at, like, this is what was going on. Now, again, when you start bringing in the corroborating information about what Mr. Zobel did and why it corroborated, in other words, this shows that it's him and it shows his intent, then you do have to give some instruction, which I think will be very similar to the, you know, standard instruction which was given in Liu and given in other similar cases, would be sufficient to make sure that the jury doesn't judge him based on the prior conduct as opposed to, you know, only relying on the permissible propensity inferences that are allowable under Rule 414 and, you know, beyond and, you know, and as it shows identity, as it shows intent. But, you know, I think, you know, in all of this evidence, I think all of this evidence is admissible in this case, particularly when you look at the kind of defense that Mr. Zobel is proposing to put on, which is that he's going to contest everything. He's not going to stipulate to anything. He is not going to admit that he was the one engaging in these chats. He's going to try to, as best he can, say it could have been someone else. You, government, haven't proven that it was me. In light of that, I don't think that, you know, Rule 403 permits a different result, given that it is weighted so heavily towards admission. If there are no further questions, we've served whatever time. Oh, I'm sorry. We've talked a lot about the chats and the description of the past offense. Can you just refresh my recollection for 30 seconds about your third bucket? Yes. To reverse outright or vacate or... So we think, again, like if this court rules as we think, you know, Rule 403 and 414. Then I think the particular evidence that's the issue there is, first, there's the probation officer who's going to describe Mr. Zobel's living arrangements. That's important because Mr. Zobel is going to try to say that other people could have had access to this phone, that other people could have gained... It goes to identity. Right. It goes to identity. Then there is the evidence from the FBI case agent who used the photographs that came from the chat that Mr. Zobel sent during the chats to identify Mr. Zobel. There's that evidence. Go ahead. I'm sorry. Just on the probation officer, again, one can imagine gradations. Maybe the probation officer can describe the communal or private aspects of the living arrangement, but that wouldn't necessarily require using a term like halfway house or saying the guy was on probation. Right. So we never... So that was discussed at length, and I think part of the problem is that the district court seemed to have this idea that the probation officer was not going to say that he was a probation officer, which I think does sort of raise the question as to why is he going back every month and inspecting Mr. Zobel's residence? Who is he and why? I'm just a little bit sort of with you at some general level, but struggling with this point that it's not really a unitary choice, an on-off switch. Either everything comes in or everything stays out, and working out the details of that is a little bit hard and awkward and maybe inappropriate for us to do right now. Understood. I do think, though, that given that Mr. Zobel actually sort of announced to the undercover officer, I am on probation, and then he sends this judgment that shows who he is, and then the FBI agent is going to say, in fact, we think properly should be able to say, we pulled up his judgment, and look, it matches. This is him. Even though he covered up his name with his hand. Once that comes in, it's hard to see what the point is of making the probation officer sort of dance around, why he's there, what he's doing there. I think at that point, then the jury is going to – this, I think, brings up the point that the Supreme Court made in Old Chief, which is that at some point you're abstracting things or sort of keeping things from the jury. The jury is going to wonder, like, what am I not being told here? Why is this person going to that residence on a monthly basis? Why is he looking at Mr. Zobel's residence and, like, checking where the locks are? Who is this person? Why is he there? I think, as the facts are, that's how I think it falls. Thank you very much. Thank you. We'll hear now from Mr. Kramer. Thank you, Your Honors. Good morning, and may it please the Court. The government talked a lot about abuse of discretion and grave abuse. The only grave abuse that's happened here is the government's violation of 3731. This Court has no jurisdiction to hear this appeal under 3731. In fact, the government essentially admitted it to you in their argument here when they said – they were asked what is the legal error that Judge Leon made, and they said possibly the only legal error, not factual, but the only legal error was in the September 2023 ruling when he was talking about propensity. But no appeal was ever filed from that order. That should end the case right there, because they're saying the only legal error that was ever committed, they say possibly by the district judge, was in the September 2023 ruling. Isn't there a position that they could have lived with that if they – if it turned out that Mr. Zobel was not going to contest identity, and if they could use the chat transcripts, and all of that changes by the time they decide they need to appeal? There's no indication that they could – that that was necessary, that they had to live with the chat transcripts, because they said at the very beginning at the original hearing in this case, at the appendix 238, the government flatly stated that it was not contending that it couldn't prove its case without this evidence, that it had sufficient evidence to prove the case without this. They conceded that. Meaning the summary of the plea? Isn't that the evidence being discussed? Well, that was the evidence, yes, being discussed then. But then they filed the – the fourth motion they filed was identical to that motion, and said the same thing. The only motion they filed – they filed two motions that were a little different, one in January 2024 that was never responded to, never ruled upon, never brought – they never brought it to the attention of the district court that it was outstanding. Then they filed a motion on February 21st of 2025, just before the trial, with these – what they are now calling buckets that they did not make any reference to in the district court. And they – and the cases are you can't just keep filing motions and adding – embellishing them and adding things. But most of all, it ignores what the government told the district court. I didn't hear one word about that when they said the successive motions on February 21st and March 14th were essentially just renewing the arguments that we made in the original 2023 motion. Asked again, they had another chance to talk about it, and they said the March 14th as well as the February 21st motions were both renewing arguments related to 404B and 414. That was what the people who wrote the motions argued them in the district court said. These are the same motions. Why the district court would think that these motions were different is beyond me when they just told them that they weren't. Well, but they argued – I mean, I'm repeating myself. They argued that the new defense counsel for Mr. Zobel chose to say we are going to contest in one way or another, and that had been something that Judge Leon had clearly reserved back in 2023. And then they weren't moving with respect to the chat because it didn't occur to them that that had been excluded. And then when the district judge, Sue Esponte, says we're excluding that, you know, one way to read the record is that's really the straw that breaks the camel's back, and they realize now it's not clear they can even present a case with the degree of exclusion that Judge Leon thinks he originally made but is now clearly communicating that he's making. Why doesn't that affect the timeliness? He clearly – well, several reasons. First of all, they waited a year and a half to file something about that. But there's still – you've heard no excuse for why the September 2023 ruling was not appealed. Absolutely not. There's nothing in the record, even though they say that. So that when the judge reviews them, he's thinking these are the same motions. And as the government confirmed for him, these are the same motions. I already ruled on this. I've told you you can't get in anything about the prior conviction, and now you're trying to get in things about the prior conviction. I also think that there's a major flaw in that reasoning and that the cases set out on page 25 of our brief talk about how you can't do this piecemeal. And you've got to remember, as Judge Wilkins asked about intrinsic or extrinsic, they never said – they always filed these motions under 404B and 414. They did not file them as intrinsic evidence of the crime. So the district court, in viewing them under 404B and 414, was absolutely correct, led to that by the government's titling of the motions and the arguments made. But you can't, as the cases say, attempt to resurrect a motion by filing it under new garb, or as then-Justice Gorsuch said, there's no reason – this is, to me, the crucial question. There's no reason why it could not have raised these points earlier in the proceedings. We're talking just before trial. The government didn't even give the district court a heads-up that it was going to be filing a notice of appeal. So 55 jurors show up only to find out a notice of appeal has been filed, even though the parties were in court the day previously. But as Justice Gorsuch said, there's no reason why it could not have raised these points now, Justice, earlier in the proceedings, even during the pendency of the original motion. These facts were all known to the government from the beginning of the case. These were not new facts. But they just chose not to raise them before this, and that violates the wording and the purpose of 3731. And, Judge Pillard, I think that the question about the new counsel, first of all, this is a year, almost a year and a half after the new counsel was appointed. They gave no indication of when they – he supposedly said this. Second of all, if you read the transcript, even the government said at that hearing, they understood at the appendix 329, the government said it understood that the case may be in a bit of a flux. They clearly were, when the defense lawyer was trying to explain whether identity was an issue or not, he was all over the place, the first lawyer and the second one. But the government had always contended that identity was going to be the defense and that they needed this evidence for identity and intent. And yet, neither one of the defense lawyers, when questioned about it, said that that was going to be the defense. He used words like probably and possibly and maybe and that we haven't decided. And so then even the government says we understand this is in flux. So I don't – there was no new facts in any of these motions. Let me ask you about the – on the merits. So do you agree that where Rule 414 applies, there's not the same categorical bar against the government using a defendant's prior conduct to prove the defendant's propensity to commit the type of crime before the court? Yes, subject to 403 balancing, but the permissibility or not, the presumptive permissibility or not, of propensity evidence is flipped from the ordinary Rule 404 once 414 comes into play. I agree that was Congress's purpose is to admissibility, but they left it exactly the same with respect to the 403 analysis. They made it subject to the 403. But propensity is on the other side. Well, propensity is a reason to exclude it, period. That's an admissibility. I understand what you're saying. It's also because it's now admissible, but it's factored in somehow. But to me, the government's argument, it's never a grave abuse of discretion to admit evidence, and it's always a grave abuse of discretion to exclude evidence. I don't think that's quite fair to the government. I don't think the government's fighting, and we can hear from the government on rebuttal, but I don't think they're fighting the notion that it is still necessary to do a 403 balancing. Oh, no, I didn't mean to, but I think they come down on the fact that a 403 balancing always is in favor of the, they said in their argument it's not an abuse in admitting evidence. They didn't say anything about excluding evidence. And the point, yes, propensity is not admissible for propensity evidence under the regular rule 404. It is under 414, but it's still subject to the same prejudice balancing test under 403, and that's where Judge Leon said, I think this evidence is just so prejudicial if the jury hears this, and what happened at the prior offense, and what took place, and it's just going to be way too hard for them to put that, to judge fairly. He was just trying to give Mr. Zobel a fair trial is all that was really going on, and he said that he did not think that this evidence was, that he would get a fair trial because this evidence was so prejudicial in the case, and that he thought a limiting instruction would not be sufficient, and the government did not challenge that after he said that. And the government also said, also I think you have to take into account, Judge Leon said from the very beginning that if through either Mr. Zobel testified or through cross-examination of witnesses, identity became the issue in the case, that he would absolutely reassess his ruling and likely admit the evidence the government was trying to keep out. That to me is a judge trying to be careful and a perfectly reasonable decision to make to not let the evidence just come in originally before you know what the defense is or if the defense is going to challenge it. But what you're talking about is like things could change if identity becomes an issue. That's what he says back in September of 2023, right? So in February and March of 25, isn't it apparent at that point that identity is likely to become an issue? And so doesn't the district court kind of stand firm and say it's not coming in, even though identity is likely to be an issue? Two things. I don't think it was clear at all that identity was going to be the issue because both the original defense lawyer and the new defense lawyer kept saying, we're not sure what the defense is going to be. But come on. I mean, we weren't born yesterday. I mean, he's not going to admit that this phone is his. He's not going to concede. The defense lawyer is not going to stand up in opening statement and say, yeah, that was Mr. Zobo's phone, but somebody else used it. Or that was him on those chats, but he didn't really mean it. I mean, that's not what the defense is going to be. The defense is going to be they can't prove that it's his phone or even if they could, they can't prove that he sent those messages. I mean, that's very similar to what the defense was in the Lew case that Judge Katsas wrote the opinion that it was fantasy and not real, these chats. But the second thing is they said they were not going to stipulate that the phone was his, but he also didn't say that they were going to. There's a difference between a defense lawyer stipulating that a piece of evidence and letting the evidence in and not challenging it. So I don't think it was clear at all that what the defense was going to be at that point. And for whatever reason, I mean, Judge Leon didn't press them on it, and the government admitted, as they said, it's in a state of flux. So I don't think the government knew what the defense was going to be. But isn't that, I mean, it's basically saying that the government has to wait until jeopardy has touched and see what the district judge is going to do, and therefore there really is no opportunity to appeal because this is so contextual and the district judge is just, as you say, being careful and waiting to see what his ruling is going to be. Isn't that? There was plenty of opportunity to appeal. September 2023, the district judge issued the original ruling. The government. Subject to identity defense. And then you have, is it Mr. Guillaume being very cagey about whether there's going to be an identity defense, and in the end saying, yeah, in some way, we're going to object. I think he said like it's a probability of a possibility, or I forget his exact language. It was quite hedging, let me put it that way. But the September 2023 ruling was clear, discreet, and could have been appealed at that point. With a big loophole whether identity was going to be an issue. But that's not a loophole. They could appeal and say it's admissible on our case in chief, which is exactly what they're arguing here. There's no loophole there. They're just didn't appeal for whatever reason. But even if they had appealed then, they would only really be appealing the ruling with respect to excluding the profit, right? Because there's no indication that the testimony about the case agent and probation officer is going to be excluded, or the testimony about, or the evidence in the chats is going to be excluded. So the case, yes, they had not raised that yet. But that's specifically why the cases at page 25 say that they shouldn't be allowed to do that, to piecemeal file motions, and then keep renewing the time to file a notice of appeal. But I guess what I'm saying is then if your jurisdictional argument has merit, it's merit with respect to we don't have jurisdiction to hear the appeal of the exclusion to plea profit. But we do have jurisdiction as to everything else. No, I think it's everything because they should have included everything in that original motion. It was all right there available to them, and they chose not to give Judge Leon a chance to rule on that along with the plea colloquy evidence. And you have to remember they were trying to introduce the entire plea colloquy at that point. And the fact that there's some kind of gamesmanship going on, at the March 17th hearing, the day before trial was supposed to start, the government had said to Judge Leon, I just want to make sure we're clear about the prior ruling. The plea colloquy from this prior conviction would also be excluded as well, correct? That was clear almost two years before that ruling. And Judge Leon actually got upset and asked them if they were playing games and why they were doing things like that. So all this evidence was in the possession of the government, known to the government, and intended to be introduced by the government. But if they were trying to piecemeal the rulings by the district court, that 3731 doesn't allow that. The whole purpose of 3731 is to prevent that. Well, not to prevent it, but part of the reasoning for 3731 is to get issues like that decided so that the government can't keep filing motions and adding things, and then saying that extends our time to appeal. I do agree with you, though, that absolutely the government stood up here and said the only legal, possible legal error was the propensity evidence, the treatment of propensity evidence in September 2023, that the plea colloquy is absolutely too late. They filed an identical motion almost two years later with the exact same wording in it about it. So that one clearly is barred. The others are barred because they can't divide things into piecemeal and keep trying to file motions in front of the district court. And then as far as the grave abuse of discretion, first of all, the government mentions grave abuse once in its brief in passing and never again. It's a grave abuse standard, and the government simply disagrees. I don't agree with the government at all that the judge made a legal error in September of 2023. But so putting that aside, the district judge, under the facts of this case, he reviewed very carefully. He also, again, ignored by the government in their argument, he also went through a whole series of items of proof that the government had, apart from all this evidence that would lead, that he called overwhelming at one point, that would lead to conviction. And he also always promised that if the defense got up there either direct or through cross-examination and raised the defense of identity, that it would come in. But so all of this is there's no grave abuse of discretion. This court has been quite clear that it's a very high hurdle to meet. The standard of review is a strong point for you. But put that aside. Let's just focus on the substantive standard under 403. Is there any respect in which the case for exclusion here is stronger than the case was for exclusion in Loo? Well, I think that Loo was government put on a live victim who testified to the details of abuse, uncharged acts of abuse, and that came in. Well, let me just preface it with something that you probably thought I shouldn't say, which is that that doesn't mean it's a grave abuse of discretion for a different judge in a different case to reach a different result. I'm trying to figure out if you have anything besides standard of review. Well, with respect to the probation officer's testimony that they want. Judge Leon decided to admit it, but he just wouldn't let the person be identified as a probation officer. The attempt to excise any reference to the uncharged acts. Because he thought that they were too prejudicial in this case. Is it on substance as opposed to standard of review? Is it consistent with Loo to try to exclude all and any references to the other acts here? Loo was just, I think, said that the way it was presented was proper. It didn't say that if somebody tried to sanitize it better so it would be less prejudicial, that that would be improper. It doesn't say that at all. It doesn't say that that's the only way it can be done. So when the district court here tried to get the probation officer's testimony, and I don't think there's anything that a jury would question that somebody goes once a month, a landlord or an apartment manager goes once a month to inspect the premises, that there would be any question of why are they doing that. The district court also let in testimony about a 16-year-old and a 12-year-old that the... Focus on the chats. On the chats? Well... And it's part and parcel of how this offense is being committed. Well, I guess I could say that... Even other acts evidence, yet he's still trying to exclude any reference. He's trying to exclude any reference as long as the defense is not, doesn't in cross-examination or direct testimony challenge identity. But the government admitted that they can do this, and I understand that was about the... But it's the same thing. Judge Leon was trying to impress upon the government that he didn't want any mention of the prior conviction unless and until the defense made that relevant, which seems to me not on an abuse of discretion, but perfectly... Defense makes it... I mean, we're literally using the word defense, but these are elements of the government's... Well, but they weren't presented that way. They were presented... The government has to prove that Lou... I'm sorry, that Zobel, who's on my mind, Zobel sent the chats and that he intended for the undercover officer to actually go through with the abuse. And the district court thought that there was abundant evidence aside from having to do with a prior conviction of that. And not only did he do that, he laid out six specific items, including the watch... Unidentified. Worn by the... Unidentified. Yes. And he said that the government... Case on intent is more compelling for what that's worth. Well, what the district judge said there that the government didn't contest is anybody who reads these chats would understand that the intent is there. The government could dispute that. Maybe, but I mean, the most compelling evidence is the guy is advertising himself as a convicted offender. But they're not... Having the evidence be the most compelling, if the court finds that 403 would not admit, it doesn't mean that it's automatically admissible. That's the issue, I think. Well, it's not automatically, but let me just ask. I did ask you previously about this. The way I understand 414 is that it makes... It shifts propensity evidence from a very strong presumption that it's inadmissible. It's inadmissible for propensity, and it's only admissible if it goes to these other topics, to putting it on the other side of the 403 ledger. It is relevant. Nothing bars it from being introduced. So it's presumptively admissible unless there is undue prejudice. And I think one of the things that Judge Tavis and I have been probing on, and Judge Wilkins also, is isn't it highly probative, and the prejudice is not unfair prejudice, but prejudice going to this offense, you know, going to prove a grave offense, that he says, look, I'm for real. You can trust I'm not a cop, and this is why. But the district court thought that the way the government... You've got to remember the government never... They claimed in the third motion they filed that they wanted to somehow make it less offensive, so to speak. But then they filed a motion three weeks later that went right back to the original and said, no, we want to get everything in. And Judge Leon, I think, made the reasonable decision that given the circumstances of the prior, which involved they wanted to get in evidence both that he had police sex with the young, the facts of the police, and that they were extremely prejudicial because he had forced, it said in that, that he had forced two younger girls into sex acts, that he had had sex. And Judge Leon let in a part about the 16-year-old later, and that also he had distributed child pornography. That was also part of the colloquy they wanted to get in. And he thought that was too specific. But let me go back. Do you agree with me that 414 makes the propensity character of the prior bad acts evidence probative? It's not probative qua propensity under, you know, without 414. It's excluded under 404. But once you have 414, it is presumptively in. Presumptively. When you say in, I think that makes. Presumptively probative. Permissible inference, presumptively. Yes. But when you say in, I think presumptively admissible. Yes. But subject to. I just wanted to clarify. No, no. I agree that was the purpose of 414. Let me try it this way. The propensity inference itself cannot qualify as being unfairly prejudicial, even though salacious details and stuff might be. I'm not sure I'd go that far. I understand. It's admissible. The question is, though, then is it subject to the prejudicial test? And just the fact that it's admissible. Unfair prejudice. Yes. It's substantially outweighed. The prejudicial value substantially outweighs the probative value. The fact that otherwise there would be no reason to subject it to 403 analysis. Because the Congress could have. There are all sorts of reasons above and beyond the propensity inference. It could be cumulative. It could have some salacious detail that you can easily excise that would inflame the jury, as opposed to just supporting the permissible inference. As a pedophile, that makes it more likely that he would have committed this offense. And what you just said is exactly why Judge Leon kept it out, the salacious details of it in the plea colloquy. He didn't have any reference. Well, that's because they didn't offer any alternative. The government never offers an alternative. Okay, that's fair. What if they had offered something saying, you know, here is what the person on the chat was asking the undercover to perform with an underage girl and describing it. And then if the government said, we want to put in a summary of a plea, the defendant pled guilty to that same conduct with girls age 12 and 13, period. So I think you run into the dilemma of propensity evidence is extremely powerful evidence. No question. But it's also probably the most prejudicial evidence of all. So, yes, is it admissible? Yes. But is it just on the plain admissibility issue? But is it more prejudicial than not in a particular case? That's a decision for the district judge to make. Yeah, okay. I mean, I heard your answer, but I think that's a legal question for us. And I agree that it can't be kept out just for the propensity, but it's a factor. I'm trying to probe because it seems to me you are saying that. If the propensity, qua propensity, is powerful enough, and this is an interesting case on this because it really does match the offense conduct with which the defendant is charged pretty closely. You're making a step in the wrong place. But to the extent that, as Judge Casas pointed out, one of the things Congress is concerned about is different rates of recidivism in pedophilia. And wanting to be able to say, because of that, you know, the data on that and experience on that, that the rulemakers are thinking about and Congress is thinking about, they move propensity from the impermissible side of the ledger to the permissible side. And so they're saying that the propensity inference as such isn't unfairly prejudicial. In fact, it's probative. You mean alone when you say as such. But there was other factors. But that's why I'm asking whether you believe that and trying to come up with a sanitized version of the prior crime that really leaves all that's left is propensity, but propensity to do this thing that matches. And I guess I'm asking you, I mean, we can't maybe wordsmith it, but if the government had proposed, we want to show prior crime and we want to make clear, we're not going to amp up how grotesque and repellent it is. We're just going to say it matches in really material respects, the thing that the person on the chat is asking the undercover to perform. So a couple of things. Is that unfairly prejudicial? So I think two things. One, that's not what, when I had the skeptical face, Judge Leon said this is completely different conduct than the prior. The government did not contest that, that the conduct in the prior was different than Mr. Sobel is charged with currently. And the second. Well, he said different. It's completely different because Sobel's just doing things online. The charge defense is just online. Right. It's completely similar with regard to the age, the age of the victims and the particular sex acts involved. Just with respect to count three. Yes. And what Sobel admits to have done to two young girls and what Sobel is charged with wanting the undercover agent to do is purported. And the second thing, the second part of what I want to say, I think, is that the government didn't argue that below. And second thing, they presented it as 404B and 414 in their motion. So I don't think you can blame the district court for this extrinsic, extrinsic analysis because it was presented by way of 404 and 414 to the district court. And how should they have? They could have just said this is part of the effect. But if anybody disputes that the evidence, the government wants this to show motive or intent of permissibility is under 404B and propensity, which we think is a permissible inference under 414, this only comes up when you get to the back end of the analysis, which is the 403 balancing. Right. Which was contested. I mean, Judge Leon said it was admissible. There was no, he said this is admissible evidence under 404 and 414. Again, the government, and when he said I want to excise the part about the prior convictions, the government didn't really, I mean, I understood they wanted them in, but they didn't say, well, that's unfair to us or it's extrinsic. They said they understood actually at one point that this was consistent with his ruling, that he didn't want anything about the prior conviction to come into evidence. So, I mean, I think it's, a lot of this is due to the way the government presented it to court. Besides which, the improper, they've never explained why they didn't appeal the September 2023 motions. But other than that, thank you. Thank you, Mr. Kramer. And we'll hear rebuttal if you have it. Why no motion eliminated out of the chat? So, the government isn't normally required to move to admit its evidence. I mean, it is prudent for the government to move to admit things like other crimes evidence specifically. In other words, something like the plea proper, because if it gets excluded during trial, then it won't be able to appeal. But there's generally no requirement for the government to move to introduce evidence of the crime. I guess I just haven't seen us ever have to do that. I do think, you know, in responding to my opponent here, I think his arguments consistently sort of blur the line between the plea proper details that the government did move prudently and in accordance with normal practice to try to, you know, make sure it got a pretrial ruling. And the actual, you know, offense conduct, which normally the government doesn't have to move and eliminate to introduce. Moving to the question of the, you know, how to take into account what 414 permits, namely the propensity inference and Rule 403. I think, you know, the words of the Eighth Circuit in the case of USP Lecomte, which we cited in our brief, which says Rule 403 has to be applied to allow Rule 404 to have its intended effect. I think, you know, again, 414, yes, to have its intended effect, which is namely that, yes, the propensity inference in child sex abuse cases is no longer unfair prejudice. So it doesn't fall on the unfair prejudice side of what Rule 403 requires to be waived. So, again, I mean, I think that, you know, that is a major change. And so, you know, it does make it Congress intended to make it much harder for district courts to exclude this evidence. I do think it's important to note that the government did try to sanitize the, you know, evidence from the old case. You know, there's the plea proper details. At the preliminary hearing, it was clear that there were some, you know, fairly, you know, significant details, such as the fact that Mr. Zobel locked in the two girls to his car and wouldn't let them out before he views them. We never sought to introduce that from the start. The government did in its subsequent motion in Lemanay after it learned about the ID defense and moved to reconsider, did sanitize it further. I mean, again, we could have discussions with the district court about how to sanitize it, but we never even got to that point. Because the district court's reaction to the government's motion to reconsider was not only am I not going to let any of that in, but now we're going to start excluding the offense conduct itself. I do think there was one other. You say you tried to sanitize it further. Defense keeps saying it was exactly the same, exactly the same. Materially, what did you, what was the additional sanitizing? In the original plea proper summary that we sought to admit, this was back in 2023, the government said that it was going to, that it would try to admit the fact that Mr. Zobel had made the first girl, the 13-year-old girl, perform oral sex on him in January of 2009. And then when he picked up the girl and her 12-year-old friend in June 2009, made them perform oral sex on him. We just said sexual acts, so we weren't as specific. Now, again, here, if we're going to line up what he was asking the undercover officer in this case to do, he wanted to have the undercover officer have the girl, the putative daughter, perform oral sex on the undercover officer. So, I mean, there was, in fact, a fairly close alignment between what he had done to the girls himself and what he wanted the undercover officer to do. But, again, those discussions, we never even got to that point because the district court, again, after never indicating originally that it was going to exclude the chat evidence, its reaction to the motion to reconsider is to start including even more evidence. The only final point that I did want to respond to was with respect to sort of, you know, the question of whether the government had an earlier point in time knew that ID was the defense. I can't say it's not in the record, but there's a reason why the defense counsel doesn't say in February, at the hearing in February of 2025, we told them the ID, about the ID defense before then. I do know that there was that intention to raise identity as the defense was communicated to the government a week before it filed this motion to reconsider on February 21st. That's not in the record, but if there is a question here, we did not sit on this for 6 months or a year. If there are no further questions, we respectfully ask that the judgment of the district court be reversed. Thank you. Thank you.
judges: Pillard; Wilkins; Katsas